IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jan Katherine Burbage, | ) Civil Action No.: 4:14-3237-BHH |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin, Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Jan Katherine Burbage ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On November 30, 2015, the Magistrate Judge issued a Report and Recommendation ("Report" or "R&R") in which he determined that Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 24.) Plaintiff filed Objections on December 17, 2015 (ECF No. 26), and on January 7, 2016, the Commissioner filed a Reply (ECF No. 28). For the reasons stated below, the Court adopts the Report and affirms the Commissioner's decision.

1

## **FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff was 54 years old on her alleged disability onset date and has past relevant work experience as a network administrator. (R. at 21.)  On July 29, 2011, Plaintiff filed an application for DIB benefits alleging a disability since April 2, 2004,[1] due to fibromyalgia and related symptoms, confusion, memory loss, lack of concentration and emotional issues, which was denied initially and on reconsideration. (R. at 105–111, 126–130, 113–125, 134–136, 176, 181.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on April 5, 2013, finding Plaintiff was not disabled under the Act. (R. at 11–23.) The Appeals Council denied Plaintiff's request for review (R. at 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on August 12, 2014. (ECF No. 1.)

## **REPORT AND RECOMMENDATION**

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 24 at 37.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him

---

[1] Plaintiff later amended her alleged disability onset date to her date last insured, December 31, 2009. (R. at 11, 222.)

2

with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard

3

precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

Plaintiff filed objections to the Report and Recommendation ("Pl. Obj.") on December 17, 2015 (ECF No. 26), and the Commissioner filed a reply on January 7, 2016 (ECF No. 28). Plaintiff objects to the Magistrate Judge's recommendation concerning the ALJ's alleged failure: (1) in finding that Plaintiff's mental impairments of depression and attention deficit disorders were not severe; (2) to properly consider the treatment records and their support of the opinions of Plaintiff's treating physician; and

4

(3) to properly evaluate Plaintiff's credibility. The Court will now consider each specific objection in turn.[2]

Plaintiff first argues that the Magistrate Judge was wrong to affirm the ALJ's determination that her mental impairments were non-severe. Specifically, she objects that the Magistrate Judge engaged in post-hoc reasoning, failed to consider certain testimony regarding Plaintiff's depression, and "fail[ed] to point to the ALJ's consideration of [Plaintiff's] depression within the RFC discussion." (Pl. Obj. 1–2.) Contrary to Plaintiff's assertion, the Magistrate Judge relied on largely the same reasoning as the ALJ in finding that Plaintiff's mental impairments were non-severe. Both the Magistrate Judge and the ALJ noted that Plaintiff's depression was managed with appropriate care and that Plaintiff's mental impairments did not cause any significant functional limitations on her ability to perform basic work. (R. at 14; R&R at 24–35.) Further, the Magistrate Judge explicitly considered Plaintiff's hearing testimony that she did not understand how she could be depressed given her good job and good marriage. (R&R at 15.) Likewise, the Magistrate Judge skillfully addressed the fact that the ALJ analyzed Plaintiff's mental impairments "in fashioning Plaintiff's RFC." (*Id.* at 26.) In short, the ALJ expressed specific, well-articulated findings regarding the non-severity of Plaintiff's mental impairments, and the Magistrate Judge committed no error in finding the ALJ's decision to be supported by substantial evidence in this respect.

Plaintiff next objects to the Magistrate Judge's recommendation that the ALJ properly supported the weight accorded to Plaintiff's treating physician, Dr. Robert

---

[2] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

5

Callis, M.D. ("Dr. Callis"). (Pl. Obj. 2–5.) The Court has considered Plaintiff's arguments on this issue *de novo* and finds them to be largely duplicative exactly of arguments already raised and adequately addressed by the recommendation. The Magistrate Judge addressed each of Plaintiff's arguments at length, first quoting the ALJ's assessment of Dr. Callis' opinion, and then discussing how this assessment found support both in the ALJ's decision and the record as a whole. (R&R at 26–32.) The Court finds the Magistrate Judge's treatment of these arguments to be thorough and accurate, and is satisfied that the ALJ's assessment of Dr. Callis' opinion is supported by substantial evidence.

Plaintiff also argues here that the Magistrate Judge engaged in post-hoc reasoning when he found that the ALJ appropriately discounted Dr. Callis' opinion that Plaintiff was unemployable. (Pl. Obj. 2–3.) However, the Magistrate Judge was correct in concluding that a finding of inability to work is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."). Further, the Magistrate Judge offered a number of other valid reasons to discount Dr. Callis' opinion, echoing reasons given in the ALJ's decision. (R&R at 28–32.) Thus, there is no error.

Finally, Plaintiff objects to the Magistrate Judge's consideration of the ALJ's credibility assessment. Specifically, Plaintiff argues that the Magistrate Judge "simply repeats the ALJ's findings" and "does not respond to the evidence" that Plaintiff saw specialists in addition to Dr. Callis. (Pl. Obj. 5–6.) Contrary to Plaintiff's assertions, the Magistrate Judge engaged in a thoughtful and thorough analysis of the ALJ's credibility

assessment. He discussed the ALJ's assessment in detail, finding that the ALJ "considered both objective and subjective evidence in making his credibility determination. . . . [and] adequately considered how Plaintiff's impairments affected her routine." (R&R at 36.) Further, it is clear that the Magistrate Judge did not ignore evidence of Plaintiff's visits with specialists, as he specifically discussed these visits when recounting Plaintiff's background and medical history. (R&R at 2–15.) Accordingly, the Court finds that the Magistrate Judge correctly found that the ALJ's decision to discount Plaintiff's credibility was supported by substantial evidence.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, Plaintiff's objections to the Report and Recommendation, and Defendant's reply. The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 15, 2016
Greenville, South Carolina

7